ing the property in good faith and under color of title, and the unsuccessful defendant has made improvements, no execution shall issue to put him in possession if the defendant, in a given time, files a petition in the case, asking to be allowed the value of his improvements. Such a judgment was rendered in a state court against a party, and in due time he filed a petition—the unsuccessful defendant in the ejectment suit—for an allowance for his improvements, and the plaintiff in the ejectment suit thereupon applied to remove the case to the federal court, and the question was whether the contest between him and the defendant in respect to the value of the improvements was cognizable on that removal by the federal court. We held that the petition of the occupying claimant could not be removed. In that case the court says: "We hold that the petition of the occupying claimant cannot be removed, as, under the Iowa statute and decisions of the supreme court of the state, it is essentially part of and ancillary to the main suit. The main suit is at an end, and a judgment has been rendered therein in the state court. That judgment must remain in the state court; it cannot be brought here. The petition of the occupying claimant—whose rights are wholly statutory—is a dependency of the main suit, and cannot be separately removed. Under the legislation of Iowa in respect of occupying claimants, as construed by the state supreme court, and in view of the relief to which each party is entitled, it is apparent that the rights of the parties must be adjudicated in one and the same court." An apparent exception to this principle is presented in the case of Patterson v. Boom Co. [Id. 10,829]. It was decided in that case that a suit in the state court between a land-owner and an incorporated company exercising the right of eminent domain, where the question to be tried was the value of the land, was a suit of such a nature as could be removed to the federal court, although the proceeding in its inception was an appraisement by commissioners appointed under the charter of the company. The legislation in Minnesota, under which that case arose, is peculiar. It provides that when a condemnation is had, if the owner is dissatisfied, he may take an appeal from the sheriff's jury, or whatever the local inquisition is, to the court of the state; and provides, further, how it shall be conducted—that one party shall be the plaintiff and the other the defendant, and that the only question to be tried shall be the amount of damages. It was decided, under those circumstances, that the case was removable; and within the past few weeks the supreme court of the United States has affirmed that decision. The supreme court of New Hampshire (55 N. H. 351) has decided a point somewhat analogous—to the effect that a garnishee or trustee holding credits, etc., joined as defendant for that purpose, is not within the

removal acts, and cannot transfer the case as to himself, but only as between the principal parties in the suit.

The statute of Missouri on the subject of corporations, in furnishing a remedy for creditors, makes a provision, in the 13th section, that, if the corporation becomes insolvent, and a judgment is recovered against it in the courts of the state, and an execution is returned nulla bona, any creditor of that corporation may have execution against any stockholder in the corporation, to collect from that stockholder the balance which he may owe on his stock. That is one of the remedies which the statute of Missouri provides in respect to the liabilities of the stockholders and the rights of creditors of corporations.

In this case the creditor obtained his judgment against the corporation in the state court, and that court issued an execution thereon. This is simply a proceeding to enforce these provisions of the statutes of Missouri in regard to the liabilities of stockholders. This is not an independent suit; it is a mere sequence, dependency, or supplemental proceeding, based on the state statute, as a means of enforcing the judgment of the state court. It is our opinion, therefore, that this proceeding cannot be removed into this court. As well might it be attempted to remove proceedings under an execution upon a judgment in the state court. The state court refused to enter an order for removal, and the stockholder filed a transcript of the case so far as to bring before us this question.

The proper entry to make is simply an order to dismiss the case.

Case dismissed.

---

WEBBER (UNITED STATES v.). See Case No. 16,656.

---

## Case No. 17,327.

### WEBER v. UNITED STATES.

[See Case No. 17,329.]

---

## Case No. 17,328.

### WEBER v. UNITED STATES.

[Hoff. Dec. 10.]

District Court, N. D. California. Jan. 3, 1861.

MEXICAN LAND GRANTS — LOCATION — OBJECTIONS TO SURVEY.

[Where a decree locating a grant rests on the idea of conforming as near as may be, and in a general way, to the supposed intention of the grantor, the court is not precluded from thereafter modifying in a slight degree the directions of the lines so as to obtain a location by which existing rights acquired in good faith may be protected.]

[Claim of Charles M. Weber, to the ranch of Campo de los Francesca, including the site of the city of Stockton.]